IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-CV-03109-MDH |
| SHANE RUCKER, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 11). The Magistrate Judge found by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released, and recommended that the Defendant be committed to the custody of the Attorney General under 18 U.S.C. § 4246. Defendant has filed exceptions (Doc. 12) and the matter is ripe for review.

Defendant was arrested on February 16, 2017, and charged in the United States District Court for the District of Idaho with Church Arson and the Use of Fire to Commit a Federal Felony. He was found incompetent to proceed to trial and has been hospitalized at the USMCFP since February 1, 2018. On January 23, 2019, the District Court of Idaho determined he was not restorable to competency and directed for him to be evaluated under § 4246. (Doc. 1-1 at 2). On March 6, 2019, Lee Ann Preston Baecht, Ph.D., ABPP., a licensed psychologist, prepared a forensic psychological report alongside a risk assessment panel that included another psychologist, a psychiatrist, and a social worker. (Doc. 1-2). She diagnosed Defendant with schizophrenia, rule out schizoaffective disorder, bipolar type, severe alcohol use disorder, moderate cannabis us

1

disorder, moderate opioid use disorder, and severe methamphetamine use disorder. *Id.* at 12. The panel concluded that on account of Defendant's substance abuse issues, history of medication non-compliance, delusional ideation lack of adequate release plan, and history of violence, he posed a substantial risk of bodily injury to another person or serious damage to the property of another if released and recommended he be committed under § 4246. (Doc. 1-2 at 12-13).

Defendant requested and received an independent psychological evaluation from Michael R. Walsh, Psy.D. In his report, Dr. Walsh concurred with the opinion of the Risk Assessment panel, finding that Defendant "does currently present a substantial risk of bodily injury to another person or serious damage to the property of another." (Doc. 6 at 15).

In light of the conclusions of the Risk Assessment panel and the independent psychological evaluator, the Magistrate Judge recommended Defendant be committed under § 4246. Defendant excepts to the recommendation of the Magistrate Judge, arguing the government has not met its evidentiary burden required under § 4246. Defendant points solely to his testimony at the evidentiary hearing held before the Magistrate Judge on July 16, 2019 (Doc. 9), where he stated that he is aware of his mental illness, that he voluntarily takes medication in treatment thereof, and that he believes that if released he would not be a danger to other people or their property. (Doc. 10 at 3-5).

After carefully review of the record, the Court finds that Defendant's testimony as to his dangerousness is not credible in the face of the unanimous contrary conclusions reached by the Risk Assessment Panel and his own psychological evaluator. The Court finds that the government has demonstrated by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released. As such, the Report and Recommendation of the

Magistrate Judge is hereby **ADOPTED**. Defendant is **COMMITTED** to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.

**IT IS SO ORDERED.**

DATED: August 19, 2019

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**